**Affirmed; Opinion Filed October 7, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00839-CR
No. 05-12-00840-CR

**JUAN FRANCISCO TURCIOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-70886-P and F11-70896-P**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Evans

Without the benefit of a plea-bargain agreement, Juan Francisco Turcios pleaded guilty to the offenses of burglary and aggravated assault with a deadly weapon. The trial court sentenced him to twenty years' imprisonment for each offense, to be served concurrently. Identifying two issues, appellant generally complains that he was denied effective assistance of counsel to prepare a motion for new trial challenging the constitutionality of his custodial sentence. We affirm.

### FACTUAL BACKGROUND

Appellant was indicted for burglary and aggravated assault with a deadly weapon. Before he was arrested for these offenses, however, appellant was involved in a serious motorcycle accident. On the scheduled trial date, appellant appeared in court on crutches,

waived his right to a jury trial, and entered an open plea of guilty to both offenses. At the sentencing hearing over two weeks later, appellant was using a walker. Appellant testified that "[The doctors] could not finish all the surgeries because I, you know, came up with diabetes and high blood pressure and, you know, a whole lot of other things." Appellant further stated that he needed more surgery but could not get the surgeries if he was in prison. He noted, "They didn't want to do it because I need some radiation treatment for some kind of bone infection that I had from the accident." Appellant requested the trial court sentence him to probation because "I'm just a crippled man now and you know, I am sorry for what I did." At the conclusion of the hearing, the trial court assessed appellant's punishment at twenty years' imprisonment for each offense, to be served concurrently.

On April 30, 2012, three days after he was sentenced, appellant wrote a pro se letter to this Court requesting appeals for both offenses as well as the appointment of an "appeal attorney." The letter was filed with the district clerk on May 16, 2012. The record also contains appellant's pro se "Notice of Appeal" which was filed with the district clerk on June 14, 2012. In October 2012, we abated the appeals and ordered the trial court to conduct a hearing to determine why appellate briefs had not been filed in the cases. On December 3, 2012, the trial court made the requested findings and appointed appellate counsel for appellant. The appeals were reinstated, appellate briefs were filed, and the appeals ultimately proceeded to submission.

## ANALYSIS

### I.  Jurisdiction

Before reaching the merits of appellant's complaints, we first address the State's contention that we lack jurisdiction over these causes because appellant's appeals are untimely. The State bases its argument on appellant's pro se "Notice of Appeal" filed with the district clerk on June 14, 2012, which is eighteen days after appellant's notices of appeal were due. *See* TEX. R. APP. P. 26.2(a). Under the plain language of rule 25.2 of the Texas Rules of Appellate

Procedure, however, we conclude appellant's April 30 letter "requesting appeals for cause numbers F-11708986 and F-1170886" is sufficient to invoke our jurisdiction over these appeals. TEX. R. APP. P. 25.2(c)(2) (notice sufficient if it shows party's desire to appeal from judgment). Because the April 30 letter constituted a timely filed notice of appeal, we decline the State's invitation to dismiss these causes for want of jurisdiction.

## II.    Ineffective Assistance of Counsel

In his first issue, appellant claims he was denied counsel during the time period that he was required to file his motion for new trial.  Specifically, appellant argues his written request for the appointment of appellate counsel three days after the trial court imposed sentence rebuts the presumption that his trial counsel continued to represent him during the time period in which a motion for new trial could have been filed.  He also contends the trial court's finding that it did not appoint appellate counsel until appellant's request for appellate counsel was brought to its attention suggests that appellant did not have counsel during the time period to file a motion for new trial.  We disagree with appellant's contentions for the reasons that follow.

The time period for filing a motion for new trial is a critical stage of a criminal proceeding during which a defendant is constitutionally entitled to effective assistance of counsel.  *See Cooks v. State*, 240 S.W.3d 906, 910 (Tex. Crim. App. 2007).  However, where, as here, the defendant is represented by counsel during trial, a rebuttable presumption exists that this counsel continued to adequately represent the defendant during the time period for filing a motion for new trial.  *See id.* at 911.  The presumption is based in part on the fact that appointed counsel remains as the accused's counsel for all purposes until expressly permitted to withdraw, even if the original appointment was for trial only.  *Garcia v. State*, 97 S.W.3d 343, 347 (Tex. App.—Austin 2003, no pet.).  Moreover, even when the presumption is rebutted, the deprivation of counsel is still subject to a harmless error analysis.  *See Cooks*, 240 S.W.3d at 911.

The record in this case reflects that trial counsel was appointed to represent appellant in these cases on November 2, 2011. There is nothing in the record to support a conclusion that trial counsel sought or was permitted to withdraw from representing appellant after the sentencing hearing was concluded or during the period for filing a motion for new trial. Appellant suggests that his April 30, 2012 letter requesting appellate counsel rebuts the presumption that his trial counsel continued to adequately represent him during the period to file a motion for new trial. But when a motion for new trial is not filed in a case, the rebuttable presumption is that it was considered by the appellant and rejected. *See Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). Neither appellant's letter request nor the trial court's findings show that trial counsel's duties to appellant were over at the conclusion of the sentencing hearing. Nor does the record show whether trial counsel discussed the merits of a motion for new trial with appellant, or whether appellant considered and rejected such a motion. Because the record does not does rebut the presumption that appellant's trial counsel continued to represent him during the period for filing a motion for new trial or the presumption that a motion for new trial was considered by the appellant and rejected, we reject appellant's contention that he was without counsel during the time period for filing a motion for new trial. Accordingly, we resolve appellant's first issue against him.

In his second issue, appellant argues he was harmed by his lack of counsel during the time for filing a motion for new trial because he is now precluded from arguing on appeal that his sentences violated the prohibition on cruel and unusual punishment in the U.S. and Texas constitutions. Even if we were to assume that appellant was without counsel during the period for filing a motion for new trial, we conclude appellant has not shown he was harmed by the failure to file such a motion. Appellant argues that his sentences constituted cruel and unusual

punishment because they (1) precluded him from obtaining needed medical treatment, and (2) his sentences are grossly disproportionate to the offenses committed.

With respect to his first argument, appellant contends that at the sentencing hearing he established prison officials refused to provide needed medical treatment, ignored his complaints, or disregarded his treatment needs. Contrary to appellant's contentions, however, his testimony at the sentencing hearing merely indicated that he was in need of more surgery that could not be performed during his initial hospital admission. When asked by counsel, "And you're not able to get that being confined in the jail or locked up?" appellant responded, "They didn't want to do it because I need some radiation treatment for some kind of bone infection that I had from the accident." Nothing in appellant's testimony at the sentencing hearing suggests that prison officials refused to treat him for his condition, ignored his complaints, or disregarded his treatment needs. In fact, it is unclear from appellant's testimony whether he would be able to get the surgery or other needed treatment even if he was not in custody due to the three medical conditions that prevented the completion of surgeries before he was confined. Accordingly, the record does not support appellant's contention that he had a serious medical need that was unable to be met in prison.

In reaching this conclusion, we necessarily reject appellant's reliance on *State v. Arrington*. *See State v. Arrington*, 855 P.2d 133 (N.M. Ct. App. 1993). The question in *Arrington* was whether the trial court had discretion to refuse to impose a mandatory one-year prison term if it determined the sentence was unconstitutional as cruel and unusual punishment. *Id.* at 133. The appeals court concluded that in extremely limited circumstances, such as those that had been established in Arrington's case, the trial court could determine the mandatory sentence would violate the prohibition against cruel and unusual punishment. *Id.* at 135. Arrington testified that while in jail, she was denied access to her prescribed asthma inhaler

because the jail did not have a nurse available twenty-four hours a day. *Id*. at 134. Additionally, Arrington's probation officer, who was also a licensed practical nurse, testified that Arrington would not get adequate medical care for her asthma or be allowed to keep her medication with her in prison. *Id*. at 134. Unlike *Arrington*, the record before us does not suggest that appellant has a serious medical condition that could not be treated in prison. *See Cooks*, 240 S.W.3d at 911–12. (to establish harm, defendant must show facially plausible claim that could have been presented in motion for new trial).

With respect to appellant's grossly disproportionate argument, we first note that the twenty-year sentences imposed by the trial court were within the ranges of punishment. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (general rule that punishment not cruel and unusual if within range of punishment established by legislature). In analyzing a claim that a sentence is grossly disproportionate, we first make a threshold comparison of the gravity of an appellant's offense against the severity of his punishment. *Sneed v. State,* 2013 WL 1748807 at *4, —S.W.3d— (Tex. App.—Eastland, April 18, 2013, no pet.). We consider the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender. *Id*. Only after we infer the sentence is grossly disproportionate will we then compare appellant's sentence to those imposed for similar crimes in Texas and the same crime in other jurisdictions. *Id*.

After reviewing the nature of appellant's offenses under the appropriate standard, we cannot agree that his sentences are grossly disproportionate to the offenses committed. The record reveals that appellant burglarized his ex-girlfriend's apartment around 4:30 in the morning while she was asleep in her bedroom with her current boyfriend. The record also reflects that appellant grabbed his ex-girlfriend by the neck and told the boyfriend, "I'm going to kill you" while exhibiting a screwdriver. Accordingly, we conclude appellant was not harmed by the

failure to raise his grossly disproportionate argument as a basis for a cruel and unusual punishment claim in a motion for new trial. We resolve appellant's second issue against him.

We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120839F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUAN FRANCISCO TURCIOS, Appellant

No. 05-12-00839-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-70886-P.
Opinion delivered by Justice Evans,
Justices O'Neill and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of October, 2013.

/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUAN FRANCISCO TURCIOS, Appellant

No. 05-12-00840-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-70896-P
Opinion delivered by Justice Evans, Justices O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of October, 2013.

/David Evans/
DAVID EVANS
JUSTICE