**Opinion filed July 31, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00148-CR

_____

## JAIME DAVID GARCIA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Mitchell County, Texas**
**Trial Court Cause No. 7304**

## M E M O R A N D U M   O P I N I O N

The jury convicted Jaime David Garcia of possession of four grams or more but less than 200 grams of cocaine with the intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010). Appellant pleaded true to an enhancement allegation. The jury found the enhancement allegation to be true, and it assessed Appellant's punishment at confinement for eighty years. In a single issue on appeal, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

*Background Facts*

The indictment alleged that, on or about March 30, 2011, Appellant knowingly possessed, with the intent to deliver, a controlled substance—namely, cocaine—in an amount of four grams or more but less than 200 grams. Gary Clark, a former Mitchell County Deputy Sheriff, testified that, on March 30, 2011, he, Investigator Billy Sides, and Investigator Ronnie Stiltner were observing traffic on Interstate 20 when Appellant drove by them in a pickup. Appellant exited the highway and drove through the town of Westbrook. Deputy Clark had to drive about seventy miles per hour through the town of Westbrook to catch up to Appellant's pickup. Appellant eventually pulled off the road and stopped his pickup. Deputy Clark determined that Appellant was driving without a valid driver's license and arrested him for that offense.

The officers smelled the odor of marihuana emanating from the pickup. Deputy Clark asked K'Ana Garcia, who was in the front passenger seat of the pickup, to get out of the pickup. Deputy Clark then searched the pickup. During the search, Deputy Clark found a plastic bag that contained marihuana, a black pipe, a box of sandwich bags, a set of digital scales, a straw, and a hunting knife. Based on the results of the search, the officers arrested Appellant and K'Ana for possession of marihuana. When Appellant realized that K'Ana was being arrested, Appellant told Deputy Clark that "everything in the truck" belonged to him.

Deputy Clark testified that a search of K'Ana at the jail revealed that she was in possession of 12.6 grams of cocaine[1] at the time of her arrest. Deputy Clark said that 12.6 grams of cocaine is a lot of cocaine and exceeds the typical amount that would be possessed for personal use. He explained that digital scales are commonly used for weighing narcotics. Deputy Clark testified that sandwich bags,

---

[1]Department of Public Safety Chemist Dennis Hambrick testified that he analyzed the substance found on K'Ana and determined that it weighed 12.6 grams and that it contained cocaine.

such as those that he found in Appellant's pickup, are frequently used to package drugs for sale. Deputy Clark explained that the type of straw he found in Appellant's pickup is commonly used to snort cocaine and said that the straw had a white residue on it that appeared to be cocaine. He also said that cocaine residue was on the console of the pickup.

Investigator Sides testified that a white powder residue was on the digital scales that were found in the pickup. He said that 12.6 grams of cocaine is a lot of cocaine. Investigator Sides explained that sellers of narcotics commonly use digital scales to weigh drugs in connection with their sales. He said that, normally, casual users of drugs do not use digital scales but that heavy drug users might use digital scales in an effort to make sure that they do not get "ripped off" when they purchase drugs. Investigator Sides testified that plastic sandwich bags are often used to package narcotics for sale. Investigator Sides said that the type of straw that was found in Appellant's pickup is commonly used to snort cocaine and that the type of pipe that was found is used to smoke small amounts of marihuana.

K'Ana, who is Appellant's ex-girlfriend, testified that, on March 30, 2011, she and Appellant were driving from Colorado City to Big Spring when Deputy Clark pulled them over. K'Ana said that, before she and Appellant had left Colorado City, she saw a cigarette box that contained cocaine on the console in Appellant's pickup. When she realized that Deputy Clark was attempting to pull them over, K'Ana asked Appellant what she should do with the cigarette box that contained the cocaine. According to K'Ana, Appellant told her to "throw it out." K'Ana testified that she instead put the cocaine in her pants, because she thought that Deputy Clark would see her if she threw the cocaine out of the pickup.

After K'ana was arrested and transported to jail, she learned that she was going to be strip searched. Because K'ana realized that the cocaine in her pants would be found during a search, she surrendered the cocaine to an officer. K'Ana

3

testified that, at the time of her arrest in this case, she and Appellant were heavy drug users. K'Ana said that she and Appellant could have used all of the confiscated cocaine in "[p]robably a couple of days."

*Analysis*

Appellant does not challenge the sufficiency of the evidence to establish that he possessed the cocaine. Rather, he contends that the evidence was insufficient to establish his intent to deliver the cocaine.

We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or factual claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In conducting a sufficiency review, we defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

"Deliver" means to transfer, actually or constructively, a controlled substance to another. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (West Supp. 2013). Intent to deliver can be proved by circumstantial evidence, including

evidence that an accused possessed the contraband. *Moreno v. State*, 195 S.W.3d 321, 325 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Patterson v. State*, 138 S.W.3d 643, 649 (Tex. App.—Dallas 2004, no pet.); *Ingram v. State*, 124 S.W.3d 672, 675-76 (Tex. App.—Eastland 2003, no pet.). Factors courts consider in determining whether an accused had the intent to deliver include: (1) the nature of the location at which the accused was arrested, (2) the quantity of the controlled substance in the accused's possession, (3) the manner of packaging of the drugs, (4) the presence or absence of drug paraphernalia (for either use or sale), (5) the accused's possession of large amounts of cash, and (6) the accused's status as a drug user. *Moreno*, 195 S.W.3d at 325; *Williams v. State*, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense. *Moreno*, 195 S.W.3d at 326; *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet ref'd). Expert testimony by an experienced law enforcement officer may be used to establish an accused's intent to deliver. *Moreno*, 195 S.W.3d at 326; *Mack v. State*, 859 S.W.2d 526, 529 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

The evidence showed that Appellant possessed 12.6 grams of cocaine, which is a large amount of cocaine. Deputy Clark explained that such a large amount of cocaine exceeds the amount of cocaine that is typical for personal use. Considerably smaller amounts of cocaine have been held sufficient to support a finding of intent to deliver. *See Sneed v. State*, 406 S.W.3d 638, 642 (Tex. App.—Eastland 2013, no pet.) (finding that appellant's possession of 6.37 grams of cocaine, coupled with other evidence, established intent to deliver); *Mack*, 859 S.W.2d at 528–29 (finding that evidence established appellant's intent to deliver the 8.9 grams of cocaine he possessed). In this case, the officers found digital scales and sandwich bags in Appellant's pickup. Investigator Sides explained that

5

dealers commonly use digital scales to weigh the drugs they sell. The officers explained that dealers commonly use sandwich bags to package their drugs for sale. Considering the above factors, we conclude that the evidence offered at trial provided the jury with a sufficient basis to conclude, beyond a reasonable doubt, that Appellant possessed the 12.6 grams of cocaine with the intent to deliver. Therefore, the evidence was sufficient to support Appellant's conviction. Appellant's sole issue is overruled.

### *This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

July 31, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.