ACCEPTED
03-14-00473-CR
4053890
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/6/2015 12:47:59 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00473-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF
TEXAS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/6/2015 12:47:59 PM
JEFFREY D. KYLE
Clerk

********

# SHAWN MICHAEL WALKER

## VS.

# THE STATE OF TEXAS
********

ON APPEAL FROM THE 264th DISTRICT COURT
OF BELL COUNTY, TEXAS
Cause No. 72029

******

# STATE'S BRIEF
******

HENRY GARZA
DISTRICT ATTORNEY

BOB D. ODOM
ASSISTANT DISTRICT ATTORNEY
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

*Oral Argument Not Requested*

1

# TABLE OF CONTENTS

**ITEM**                                                                      **PAGE**

Index of Authorities ……………………………………………………………....    3

Statement Regarding Oral Argument …………………………………………    4

Statement of the Case ……………………………………………………………....    4

Statement of Facts …………………………………………………………………….    4

Summary of State's Argument …………………………………………………    10

Argument and Authorities ………………………………………………………    10

    First Issue on Appeal ……………………………………………………....    10
            EVIDENCE SUFFICIENT TO PROVE APPELLANT
            POSSESSED 4-200 GRAMS METHAMPHETAMINE
            WITH INTENT TO DELIVER?

        Standard of Review ……………………………………………    10

        Application and Analysis ……………………………………    11

    Second Issue on Appeal …………………………………………………    21
            EVIDENCE SUFFICIENT TO PROVE APPELANT
            POSSESSED METHAMPHETAMINE AS A PARTY?

        Standard of Review ……………………………………………    21

        Application and Analysis ……………………………………    21

        Remedy …………………………………………………………………....    23

Prayer …………………………………………………………………………………    25

Certificate of Compliance with Rule 9 ……………………………………    25

Certificate of Service …………………………………………………………....    26

# INDEX OF AUTHORITIES

**CASES**                                                                  **PAGE**

*Branch v. State*, 599 S.W.2d 324 (Tx. Cr. App. 1979) ........................ 18,19

*Brooks v. State*, 323 S.W.3d 893 (Tx. Cr. App. 2011) ........................ 10

*Clayton v. State*, 235 S.W.3d 772 (Tx. Cr. App. 2007) ........................ 11

*Evans v. State*, 202 S.W. 3rd 158 (Tx. Cr. App. 2006) ...............11-13,15,17

*Friar v. State*, No. 07-07-0152-CR, ..................................................... 20
      2008 Tex. App. LEXIS 6809, (Tx. App. Amarillo 7th Dist.
      2008, no pet.), not designated for publication.

*Luke v. State*, No. 14-99-01348-CR, ..................................................... 16
      2001 Tex. App. LEXIS 652 (Tx.App. Houston 14th Dist.
      2001 rev. ref.), not designated for publication.

*Sneed v. State*, 406 S.W.3d 638 ................................................................. 20
      (Tx. App. Eastland 12th Dist. 2013 no pet.)

*Thornton v. State*, 425 S.W.3d 289 (Tx. Cr. App. 2014) ...................... 24

**OTHER**

*Texas Penal Code*

      Section 7.01 .................................................................................... 21

      Section 7.02(2) .............................................................................. 22

*Texas Controlled Substances Act*

      Section 481.002(38) .................................................................... 11

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

The Appellant, Shawn Michael Walker, was charged by indictment with the offense of possession of methamphetamine with the intent to deliver in the amount, including any adulterants and dilutants, of more than four grams and less than two hundred grams. (CR-4).

He was tried before a jury in the 264th District Court of Bell County, Texas, Judge Martha J. Trudo presiding, and was found guilty by the jury. (CR-36; RR5-38). Upon his election (CR-46), the same jury assessed punishment at 55 years in the Texas Department of Criminal Justice. (CR-40, 47; RR6-106).

The Appellant gave timely notice of appeal (CR-52) and the trial court certified his right to do so. (CR-41).

## STATEMENT OF FACTS

Officers of the Killeen Police Department were dispatched to a high crime area known for drug offenses (RR4-21) in response to a report of a man with a gun in a van. (RR4-19). Officer Firebraugh

4

located the van by the license number and description provided in the dispatch and stopped it. (RR4-20).

The van was driven by Tiffany Diane Pierce (RR4-22, 23) and the Appellant was in the passenger seat. He fit the description of the man with the gun. (RR4-24, 25). The officer asked the Appellant for consent to search the van but the Appellant told him that it belonged to his girlfriend. Assuming that he meant Ms. Pierce, the officer asked her and she stated that the van did not belong to her. (RR4-25, 26). The Appellant later confirmed that she was not the girlfriend to whom he had referred. (RR6-12). Two other persons were located inside the van and removed. (RR4-28).

When Ms. Pierce exited the van she left the door open and Officer Van Valkenburg observed in plain view a small baggie containing a crystal substance on the floor by the driver's seat. (RR4-28, 67). The van was then searched. (RR4-28, 29, 67, 68). The van was very cluttered and appeared as if someone had been living in it. (RR4-30, 49).

In that search the officers found lithium batteries and brake cleaner used in the manufacture of methamphetamine (RR4-31). They also found a crack pipe that was still hot to the touch (RR4-49) as well

as numerous syringes, some with blood or fluid still on them. (RR4-52, 71).

In the seat directly behind the front seat a blue bag was found with a black box inside of it. Inside that box was a ziplock bag containing crystal methamphetamine and a razor blade. (RR4-50). Also behind the front seat there was a bag containing pink colored crystal methamphetamine. (RR4-70). In the rear or "trunk" area of the van was a laundry bag containing a large bag of crystal methamphetamine wrapped in a pair of pants (RR4-53) and a small make-up type bag full of syringes. (RR52).

The van also contained a quantity of MSM, which is a horse supplement that is crystal in nature and is commonly used by drug distributors to increase the weight and dilute the crystal methamphetamine. (RR4-97).

When the Appellant was being booked into the Killeen City Jail, he was searched and a small baggie of crystal methamphetamine was found in his right front pants pocket. (RR4-33, 34). When Ms. Pierce was being searched at the jail tweezers were found concealed in her vaginal area and a cord was protruding from her vagina. (RR4-54, 55). After she refused to remove the cord she was transported to the

hospital. When they arrived, however, she had removed a brown bag from her vagina and that bag contained several smaller baggies of crystal methamphetamine. (RR4-55).

Detective Todd Mallow of the Killeen Police Organized Crime division warned the Appellant of his rights. The Appellant waived those rights and spoke to the officer. That interview was video recorded. (State's Exhibit 24).(RR5-5, 6, 7, 9). That recording was admitted without objection into evidence. (RR5-9).

During the interview the Appellant repeated to the detective that the van belonged to his wife or girlfriend. (RR5-12). He also stated that he and Pierce had just picked up the two people who were found in the van and that was confirmed by them. (RR5-13). The Appellant stated that the pink substance was his, but insisted that it was not methamphetamine but only "cut", apparently referring to MSM. (RR5-13, 21, 23). He identified the picture of that pink substance recovered from the van. (State's Exhibit 10). (RR5-11).

Five items recovered from the van were submitted to the Texas Department of Public Safety Laboratory in Austin. All contained methamphetamine. (RR4-85, 86). The test yielded the following results:

1. State's Exhibit 17-Small baggie from the Appellant's pants

pocket-0.28 grams of methamphetamine. (RR4-100).

2. State's Exhibit 18-Small plastic baggie in plain view on floor of van next to driver's seat-2.16 grams methamphetamine. (RR4-100, 101).

3. State's Exhibit 19-Baggie of pink substance admittedly the Appellant's from the floor of the van behind the front seat-5.64 grams of methamphetamine. (RR4-102).

4. State's Exhibit 20-Gallon size baggie from the black box in blue bag from center floorboard behind front seat-40.58 grams methamphetamine. (RR4-102).

5. State's Exhibit 21-Gallon size baggie found wrapped in pants in clothes bag in "trunk" area of van-56.96 grams methamphetamine. (RR4-103).

Thus the total amount of methamphetamine found in the van and in the Appellant's pocket is 105.62 grams.

Det. Todd Mallow testified that he is a detective with the organized crime unit assigned to the DEA task force. (RR4-92). His primary concentration is on drug cases. (RR4-92). He has been a detective some 3½ years and a police officer for more than 10 years. (RR4-92). He stated that based upon his job and experience he has an understanding of how drugs are distributed and the activities of distributors. On many occasions he has offered expert testimony in court concerning the possession of drugs with the intent to deliver them as opposed to possession only for personal use. (RR4-107). He testified

that he was fully familiar with the crystal methamphetamine trade in the city of Killeen. (RR4-107, 108). The Appellant did not question his qualifications as an expert.

Det. Mallow testified that it was rare to see amounts of methamphetamine of 100 grams or more in Killeen (RR4-110) and that mere users typically have under a gram, while mid-level dealers are most often found with 4 to 10 grams. (RR4-109, 110). Over 100 grams points to major drug traffickers. (RR4-112). Mallow also stated that the presence of cutting agents such as MSM indicates a distributor. (RR4-111). He stated that when a large amount, coupled with paraphernalia and cutting agents are discovered it indicates that the drug was possessed with intent to deliver it, rather than merely for personal use, even though many dealers are also heavy users. (RR4-112, 113).

Detective Mallow testified that the usual price in Killeen for a gram of methamphetamine is $100.00. (RR4-113). Thus the amount of methamphetamine recovered in this case would be valued in excess of $10,000.00. (RR5-11).

## SUMMARY OF STATE'S ARGUMENT

When all the evidence, direct and circumstantial, is considered in the light most favorable to the verdict, the combined logical force of that evidence is sufficient for a rational jury to conclude beyond a reasonable doubt that the Appellant possessed the methamphetamine with the intent to deliver as charged in the indictment either individually, or as a party, or both.

## ARGUMENT AND AUTHORITIES

### *First Issue on Appeal*

Was the evidence such that a rational jury could have found the Appellant possessed the controlled substance in the amount of four to two hundred grams with the intent to deliver beyond a reasonable doubt?

### *Standard of Review*

In reviewing the sufficiency of the evidence the court must consider all of the evidence in the light most favorable to the verdict and determine whether, based upon all the evidence and reasonable inferences therefrom, a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323

S.W.3d 893, 912 (Tx.Cr.App. 2011); *Clayton v. State*, 235 S.W.3d 772, 778 (Tx.Cr.App. 2007).

### *Application and Analysis*

The Appellant was charged with possessing methamphetamine with the intent to deliver it. The Appellant challenges the sufficiency of the evidence to prove that he possessed methamphetamine and that he possessed it with the intent to deliver. His challenge is based upon the alleged lack of evidence to link him to the methamphetamine found in the van as opposed to that recovered from his pocket.

### *Possession of Controlled Substance in the Van*

Possession means actual care, custody, control, or management of the substance. Section 481.002, (38), *Texas Controlled Substances Act*. In order to prove possession of a controlled substance the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew that the substance possessed was contraband. Whether by direct or circumstantial evidence, the evidence must show that the defendant's connection with the drug was more than fortuitous, that is that he is linked to the substance. *Evans v. State*, 202 S.W.3d 158, 161, 162 (Tx. Cr. App. 2006).

Mere presence where the drugs are found alone is insufficient to establish possession, however, presence or close proximity to the drugs coupled with other direct or circumstantial evidence linking the accused to the drug may be sufficient to show possession beyond a reasonable doubt. *Evans* at 162.

Facts and circumstances that may link the accused to the controlled substance include, but are not limited to: (1) the defendant's presence when the search is conducted; (2) whether the drug was in plain view; (3) the defendant's proximity to and the accessibility to the substance; (4) whether the defendant was under the influence of drugs when arrested; (5) whether the defendant possessed other contraband or drugs when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or paraphernalia was present; (11) whether the defendant owned or had the right to possess the place where the contraband was found; (12) whether the place the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the

conduct of the defendant indicated a consciousness of guilt. *Evans* at Fn. 12.

It is not the number of "links" that are present that determines the issue, but rather the logical force of all of the evidence, both direct and circumstantial. Courts reviewing all of the evidence in the light most favorable to the verdict must assume that jurors made all inferences in favor of their verdict so long as reasonable minds could disregard all other inferences. Where the parties may disagree about the logical inferences from undisputed facts, the choice made by the fact finder cannot be erroneous. The weight of the evidence is always a matter for the jury. *Evans* at 163, 164.

In this case the evidence establishes the following links to the methamphetamine:

- The Appellant was an occupant of the van where the methamphetamine was discovered.

- The Appellant stated that the van containing the drugs belonged to his wife or girlfriend who was not present. The Appellant stated that Ms. Pierce, who was driving was not his girlfriend.

- The Appellant stated that the other occupants had only recently entered the van.

- There was over 100 grams of methamphetamine found at various locations in the van which was worth over $10,000.00.

- The methamphetamine was scattered throughout the van in different containers.

- One container, holding almost ½ of the total amount was found directly behind the seat occupied by the Appellant.

- The "Pink" methamphetamine (5.64 grams) was discovered in the same seat behind the Appellant.  He admitted that it belonged to him but insisted that it was "cut" instead of methamphetamine itself.

-  A quantity MSM, the horse supplement used by drug distributors to "cut" methamphetamine and add to its weight was found in the van along with lithium batteries and brake cleaner used in its manufacture.

- A pipe used to smoke methamphetamine was found in the van that was still hot to the touch.

- Numerous syringes were found in the van, some with blood on the needles.

- Ms. Pierce had methamphetamine in several individual packages concealed in her vagina.

- The Appellant had methamphetamine on his person in his pocket.

The Appellant attempts to take these evidentiary links and separately consider them, arguing in essence that each link alone is insufficient to prove possession. That, however, is not the test, but rather the question is whether all the evidence, direct and circumstantial, when combined establishes a link with the contraband. In *Evans*, the Court of Criminal Appeals reversed the Court of Appeals, noting that it had improperly analyzed each one of the links in isolation, relying upon explanations of each of the individual links rather than considering them as a whole. The Court of Appeals also erred in considering links might have connected the defendant to the contraband, but did not exist in the case. *Evans* at 164.

In this case the Appellant was present and in close proximity to the methamphetamine. He had methamphetamine on his person and admitted ownership of the "pink" methamphetamine, while claiming that it was only "cut". The fact that he admitted possession of what tested as more than 5 grams of methamphetamine while claiming that it was only a substance dealers used to dilute and add weight to the controlled substance surely supports an inference that he was aware of

the contraband in the van and exercised care, custody, control, or management of it.

While there was no evidence of an odor present, there was a pipe used to consume methamphetamine that had been used so recently that it was still hot; as well as several syringes with blood still on the needle.

As to the right to control the van where the methamphetamine was found, the Appellant told both the arresting officer and the detective that the van belonged to his girlfriend or wife. He stated that Ms. Pierce was not the person in question and that the other two people in the van were recently arrived passengers. The jury could reasonably find from that evidence that the Appellant had the right to control that van. He told the police that it was not Ms. Pierce's van and that the others there were mere riders. He said that the van was the property of his girlfriend or wife. Someone had control over it or the right to control it. The evidence based on the Appellant's own admission supported the jury's finding that it was the Appellant. See *Luke v. State*, No. 14-99-01358, 2001 Tex. App. LEXIS 652 (Tx. App. Houston 14th Dist. 2001 no pet.), not designated for publication. (One link to the controlled substance was that the defendant was "closely related" to the car's owner).

The Court of Criminal Appeals ruling in *Evans* is equally applicable here. The court said: "It is the logical force of the circumstantial evidence, not the number of links that supports the jury's verdict. The logical force of circumstantial evidence is this case, couple with reasonable inferences from them, is sufficient to establish, beyond a reasonable doubt, that appellant exercised actual care, custody, control, or management....." *Evans* at 166. Such is the case here.

*Intent to Deliver*

If the evidence is indeed sufficient to prove that the Appellant possessed the methamphetamine, was it also sufficient to prove beyond a reasonable doubt that it was with the intent to deliver? The Appellant's premise is that the evidence only supports a finding of possession of the 0.28 grams of methamphetamine found in his pocket and, therefore, intent to deliver was not sufficiently proven. As noted above, however, the evidence supports the finding of the jury that he possessed the methamphetamine in the van as well.

There is no statutory presumption regarding evidence of intent to deliver. Instead, the individual direct and circumstantial evidence in the case must, again, be considered as a whole and from the viewpoint most

17

favorable to the verdict in making that determination. *Branch v. State*, 599 S.W.2d 324, 325 (Tx. Cr. App. 1979).

In this case Detective Todd Mallow, of the Killeen Police Department and DEA Task Force, testified as an expert on drug trafficking in Killeen. His credentials to do so were unchallenged. He testified that 100 grams or more of methamphetamine was very unusual for Killeen and definitely indicated a major dealer. (RR4-110). He also stated that the presence of cutting agents like MSM also was indicative of drug dealing and that possession of those items in those quantities indicated that the possession was with the intent to deliver the controlled substance. (RR4-112). The same could be said of the possession of two separate baggies, each with over 40 grams of the drug inside. (RR4-113).

Detective Mallow stated that most mere users possessed under a gram of methamphetamine and that mid-level dealers usually had 4 to 10 grams. (RR4-109, 110). More than 100 grams was far in excess of the amount of methamphetamine that would be possessed by a mere user. (RR4-113).

The officer testified that the usual value of methamphetamine in Killeen is $100.00 per gram (RR4-113) and that the amount possessed in this case was worth in excess of $10,000.00. (RR5-11).

The evidence was such that a rational jury could find beyond a reasonable doubt that the Appellant possessed the methamphetamine with the intent to deliver it. Actually, it would be difficult to see how it could have found otherwise. The quantity possessed was extremely large. See *Branch* at 325 (evidence of large quantities of controlled substances *or* evidence of large quantities coupled with other factors sufficient to support and inference that the possession was with the intent to deliver).

While in this case it is reasonable that the quantity alone is sufficient to support a finding of intent to deliver, other circumstances include the presence of the material used to dilute or increase the weight of methamphetamine that is sold. The only logical inference from that is that the accompanying methamphetamine was intended for delivery as no mere user would dilute or increase the weight of his drug. The batteries and brake cleaner used to make methamphetamine also indicate more than mere possession.

It also must be noted that the Appellant does not contest his possession of the methamphetamine found in his pocket and that he admitted that the "pink" methamphetamine belonged to him, while denying its identity. The total quantity of drug in those two items is 5.92 grams. This total also substantially exceeds the 1 gram that Det. Mallow said was an average amount for a mere user and falls within the mid-level dealer range.

In *Friar v. State*, No. 07-07-0152-CR, 2008 Tex., App. LEXIS 6809 (Tx. App. Amarillo 7th Dist. 2008 no pet.), not designated for publication, the court held that possession of 6 grams of methamphetamine, coupled with a other circumstances, was sufficient to support a finding that the methamphetamine was possessed with intent to deliver. See also *Sneed v. State*, 406 S.W.3d 638, 642 (Tx. App. Eastland 11th Dist. 2013 no pet.), holding that possession of 6.37 grams of cocaine, coupled with testimony from a narcotics agent that the quantity was "quite a bit more than for personal use. Thus even if the quantity calculation in this case was to exclude everything except that conceded by the Appellant, the evidence was still sufficient.

## Second Issue on Appeal

Was the evidence sufficient for a rational jury to have found beyond a reasonable doubt that the Appellant possessed the methamphetamine with intent to deliver as a party?

### Standard of Review

The standard of review is the same as that in the first issue on appeal.

### Application and Analysis

The indictment charged the Appellant with committing the offense either individually or as a party with Tiffany Diane Pierce. (CR-4). The trial court instructed the jury as to the law of parties (CR-31) and permitted the jury to convict if it found beyond a reasonable doubt that the Appellant committed the offense either alone or as a party with Ms. Pierce. (CR-32). The verdict of the jury was a general one and did not specify upon which basis the jury rendered its decision. (CR-36).

The court instructed the jury in accordance with Section 7.01, *Texas Penal Code.* That section provides that a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. The court also charged the jury as to when a

21

person is criminally responsible for the conduct of another as set out in Section 7.02(2) of the Code. (CR-32). It stated that a person is criminally responsible for the conduct of another if, acting with intent to promote or assist in the commission of the offense, he solicits, encourages, aids, or attempts to aid the other person to commit the offense.

As noted above the evidence was sufficient to support the finding of the jury that the Appellant committed the offense as charged individually. It is also sufficient to find that the Appellant and Ms. Pierce were acting together in the commission of the offense. Ms. Pierce was driving the van belonging to the Appellant's girlfriend. No one else in the van had any right to control the van except the Appellant. A large quantity of methamphetamine, much in excess of the amount ordinarily possessed by a mere user, was in the van, much of it directly behind the seat in which the Appellant and Pierce were riding. There was MSM used to cut methamphetamine for sale in the van that would have no other use but for the purposes of preparation for distribution. The Appellant claimed ownership of the "pink" methamphetamine found near a major quantity, expressing the mistaken belief that it was only "cut". There was nothing in the evidence to show why he would possess "cut" except as part of the distribution of the methamphetamine. A still

hot pipe used to smoke methamphetamine and syringes that were still bloody were in the van.

Ms. Pierce, who had no relationship to the van belonging to the Appellant's girlfriend but was driving the van occupied by the Appellant, nevertheless, had a quantity of methamphetamine in individual packages hidden in her vagina. The Appellant had a small amount of the controlled substance in his pocket.

The Appellant and Tiffany Peirce were together in the van with a very large and valuable quantity of methamphetamine and the items used to process it for sale. They both had methamphetamine on their person.

Clearly, when the evidence is viewed from the standpoint most favorable to the jury, a rational jury could have found from the evidence and rational inferences based upon that evidence, beyond a reasonable doubt that the Appellant possessed the methamphetamine with intent to deliver either by his own conduct, as a party with Tiffany Pierce, or certainly both.

## *Remedy*

While the State believes that the evidence was sufficient to prove that the Appellant possessed all of the methamphetamine in the van

with the intent to deliver and that the judgment of conviction must be affirmed, it would also respectfully point out that the Appellant was found with 0.28 grams of methamphetamine in his pocket and admitted to the possession of the "pink" substance that proved to be 5.64 grams of methamphetamine. The total thus falls within the amount alleged in the indictment of four grams or more, but less than two hundred grams. (CR-4).

If, however, the court determines that the evidence was insufficient to establish possession of all of the methamphetamine in the van, the lesser included offense of possession of methamphetamine less than one gram was included in the trial court's charge to the jury. (CR-32). Having been found in his pants pocket, the Appellant does not contest his possession of 0.28 grams. Thus the evidence is unquestionably sufficient to support the lesser included offense and the proper remedy, as prayed for by the Appellant, would be to modify the judgment to reflect a conviction for that lesser offense and remand the case to the trial court for sentencing. *Thornton v. State*, 425 S.W.3d 289, 307 (Tx. Cr. App. 2014).

# PRAYER

The State of Texas respectfully prays that the judgment of conviction herein be, in all things, be affirmed.

Respectfully Submitted,

HENRY GARZA
District Attorney

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

# CERTIFICATE OF COMPLIANCE WITH RULE 9

This is to certify that the State's Brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 3989 words.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this brief has been served upon, John A. Kuchera, Counsel for Appellant, by electronic transfer via Email, addressed to him [johnkuchera@210law.com](mailto:johnkuchera@210law.com) on this 6th day of February, 2015.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney