**EX PARTE David Ray LEA, Applicant**

NO. WR–82,867–01

Court of Criminal Appeals of Texas.

Delivered: November 9, 2016

Charles M. Kinsey, Law Office of Charles M. Kinsey, Pearland, TX, for Applicant.

Trey David Picard, Assistant District Attorney, Angleton, TX, Lisa C. McMinn, State's Attorney, Austin, for the State.

## OPINION

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, JOHNSON, KEASLER, ALCALA, RICHARDSON, and NEWELL, JJ, joined.

We filed and set this case for submission to decide the proper disposition of the motion to revoke Applicant's (Lea's) community supervision because the statute used to revoke his supervision has been declared facially unconstitutional. We conclude that he is entitled to relief.

## FACTS

On April 3, 2008, Lea pled guilty to three counts of possession of child pornog-

raphy.[1] On the first count, he was sentenced to two years' confinement. He has already discharged that sentence. On counts two and three, he was sentenced to 10 years' confinement, which was probated for 10 years.

Four years later, Lea pled guilty to a single count of improper visual photography or visual recording (improper photography). He was convicted of the state-jail felony and sentenced to 2 years' confinement. That same day, and alleging a single ground, the State filed a motion to revoke Lea's community supervision on counts two and three of the possession-of-child-pornography charges because he had been convicted of improper photography. A condition of his supervision was that he could not commit any new criminal offenses. Based on that conviction, his probation was revoked, and he was sentenced to 6 years' imprisonment.

In 2014, this Court held that the offense of improper photography, previously found in Section 21.15(b)(1) of the Texas Penal Code, was facially unconstitutional because it was overbroad and infringed upon protected First Amendment speech. *Ex parte Thompson*, 442 S.W.3d 325 (Tex. Crim. App. 2014). Based on that decision, Lea filed two post-conviction applications for writs of habeas corpus. In one application, he sought to vacate his conviction based on this Court's decisions in *Thompson*. In the second, he argued that, because his supervision was revoked only on the ground that he had been convicted of improper photography, his probation should be reinstated. We agreed that Lea was entitled to relief

from his improper-photography conviction, and we set it aside. *Ex parte Lea*, No. WR–82,867–02, 2016 WL 1383928 (Tex. Crim. App. Apr. 6, 2016) (per curiam) (not designated for publication). That same day, we filed and set Lea's second post-conviction writ application and ordered briefing from the parties to determine if he is further entitled to have the judgment of the trial court revoking his supervision vacated. *Ex parte Lea*, No. WR–82,867–01, 2016 WL 1383875 (Tex. Crim. App. Apr. 6, 2016) (per curiam) (not designated for publication). The habeas court entered findings of fact and conclusions of law recommending that we grant relief in part.[2]

## ARGUMENTS OF THE PARTIES

The parties agree that Lea is entitled to relief. According to them, Lea's conviction for improper photography has been set aside because the law authorizing that conviction was found to be void.[3] They assert that, because his community supervision was revoked solely on the basis of Lea's conviction under a void statute, he is entitled to have his community supervision reinstated.

## LAW

When a statute is found to be facially unconstitutional, it is void from its inception and should be treated as if it never existed. *Smith v. State*, 463 S.W.3d 890, 895 (Tex. Crim. App. 2015). If a defendant is convicted under a statutory provision that has been held to be unconstitutional on its face, "there is no valid law upon which to base the conviction ... [,]"

---

1. Two enhancements were also alleged, but the State waived those as part of the plea bargain.

2. Lea also asked that he be released from confinement based on his claim that the revocation of his probation is now known to be retroactively invalid. In the State's original

answer, however, it argued that the habeas court should remand Lea to the custody of the Brazoria County Sheriff to be held pending the filing of a new motion to revoke.

3. *Thompson*, 442 S.W.3d at 351.

and that person is entitled to relief. *Id.* at 896. The due-process right to not be convicted under a statute that has been declared facially unconstitutional cannot be forfeited. *Ex parte Fournier*, 473 S.W.3d 789, 796 (Tex. Crim. App. 2015) (applicant's conviction set aside after the statute under which he was convicted was declared facially unconstitutional, although he did not advance that argument at trial or on appeal).

■ After a defendant is convicted and punishment is assessed, the judge in certain circumstances, as in this case, can suspend imposition of the sentence and place the defendant on community supervision.[4] TEX. CODE CRIM. PROC. Art. 42.12, § 3(a); *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). After a defendant is placed on community supervision, it can be revoked based on a sole violation of a condition of that supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

## APPLICATION

There is no dispute that, at the time Lea was convicted of improper photography under Section 21.15(b)(1), this Court had not yet determined that the statutory provision was unconstitutional on its face. Nor is there any dispute that a defendant's community supervision can be revoked based on a sole violation of one condition, and that one condition of Lea's supervision was that he not commit any crimes. However, we now recognize that the statute under which Lea was convicted is void from its inception, and we have set aside his conviction. The harm here flows from his void conviction, namely, the revocation of his community supervision based solely on an offense that never existed.[5]

## CONCLUSION

We conclude that Lea is entitled to relief. The judgment in Cause No. 52758 in the 23rd District Court of Brazoria County revoking Lea's community supervision is set aside, and we remand this cause to the trial court for further proceedings consistent with this opinion.

Yeary, J. filed a dissenting opinion.

## DISSENTING OPINION

YEARY, J., filed a dissenting opinion.

I dissented when the Court granted post-conviction habeas corpus relief on the grounds that Applicant was convicted under a statute that was later declared to be

4. This is referred to as "regular" or "straight" probation and should be distinguished from deferred-adjudication community supervision. *Compare* TEX. CODE CRIM. PROC. Art. 42.12, §§ 3, 3g, 4, *with id.* art. 42.12, § 5.

5. This case is distinguishable from our decision in *Ex parte Jimenez*, 361 S.W.3d 679 (Tex. Crim. App. 2012). In that case, the applicant was convicted of unlawful possession of a firearm by a felon. *Id.* at 680–81. To prove that he was a felon at the time that he possessed the weapon, the State introduced proof of a prior felony conviction for rape of a child. *Id.* A number of years later, Jimenez filed a post-conviction application for a writ of habeas corpus, arguing that his plea to the predicate felony was involuntary. *Id.* at 681.

We agreed and set aside his conviction. *Id.* The question presented for our review was whether the applicant was also entitled to relief from his conviction for unlawful possession of a firearm because the predicate felony of rape of a child had been set aside based on an involuntary plea. *Id.* at 680. We held that he was not entitled to relief because, at the time he possessed the firearm, he had the status of a felon. *Id.* at 683–84.

Lea's conviction for improper photography was set aside because the law under which he was convicted is void. On the other hand, Jimenez's conviction was set aside due to his involuntary plea. The statute under which Jimenez was convicted, however, has never been set aside on constitutional grounds.

unconstitutionally overbroad, namely, Texas' improper photography statute. *Ex parte David Ray Lea*, No. WR–82,867–02, 2016 WL 1383928 (Tex. Crim. App. Apr. 6, 2016) (not designated for publication) (Yeary, J., dissenting). *See also Ex parte Chang*, 485 S.W.3d 918 (Tex. Crim. App. 2016) (Yeary, J., dissenting). I did not believe that an applicant should be able to obtain retroactive post-conviction collateral relief based upon an overbroad statute unless he can show that the statute was unconstitutional as applied to his own conduct. *See Ex parte Fournier*, 473 S.W.3d 789, 805 (Tex. Crim. App. 2015) (Yeary, J., dissenting) ("[W]e should limit post-conviction relief to those applicants who can establish that their conduct did not fall within the plainly legitimate sweep of the overbroad statute."). I believe the argument I made in my dissenting opinion in *Ex parte Fournier*, while addressing a different statute—Texas' Online Solicitation of a Minor statute—should also apply to Applicant in this case. Therefore, I dissented to retroactively invalidating his improper photography conviction for the reasons stated in my dissenting opinion in *Fournier*. *Lea*, 2016 WL 1383928, at *1 (Yeary, J., dissenting); *Chang*, 485 S.W.3d at 918.

Now the Court takes the incrementally greater step of also granting post-conviction habeas corpus relief in a revocation proceeding in which the conviction it has previously set aside—for the offense of improper photography—was used as a basis to revoke an earlier conviction for child pornography. But that earlier conviction had also become final by the time this Court declared, in *Ex parte Thompson*, 442 S.W.3d 325 (Tex. Crim. App. 2014), that the statute was unconstitutional. For the reasons I expressed in *Fournier*, I would not have granted retroactive collateral relief on the underlying conviction for improper photography. By even greater force of logic, we should not grant retroactive collateral habeas corpus relief to set aside an otherwise valid revocation simply because the conviction that provoked the revocation was based on a statute that was later declared to be unconstitutionally overbroad.

I respectfully dissent.