

# NUMBER 13-17-00189-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOE ANTHONY RODRIGUEZ,                                    Appellant,

v.

THE STATE OF TEXAS,                                       Appellee.

## On appeal from the 24th District Court of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Longoria, and Hinojosa
### Memorandum Opinion by Justice Rodriguez

Appellant Joe Anthony Rodriguez appeals from the revocation of his community supervision. By one issue, Rodriguez contends that the assessment of two years' incarceration in a State Jail facility was cruel and unusual. *See* U.S. CONST. amends. VIII, XIV; TEX. CONST. art. 1, § 13. We affirm.

## I.    BACKGROUND

Rodriguez was indicted on five counts of forgery, each count a state jail felony. *See* TEX. PENAL CODE ANN. § 32.21(d) (West, Westlaw through 2017 1st C.S.).   On May 1, 2015, Rodriguez pleaded guilty to Count 5.[1]   *See id.*   The trial court sentenced Rodriguez to two years' confinement in a state jail facility, suspended to four years' community supervision.   It also assessed a $500 fine and court costs against Rodriguez and ordered him to pay $1,800 in restitution.   On December 7, 2016, the State filed a motion to revoke Rodriguez's community supervision.   In its motion, the State alleged that Rodriguez committed a new criminal offense by violating a protective order, left his county of approved residency, and failed to pay supervisory fees, court costs, restitution, and a fee to the local Crime Stoppers program.

At the March 9, 2017 hearing on the State's motion to revoke, the State called Sally Rodriguez to testify.   Ms. Rodriguez established that she had a protective order in place against Rodriguez.   The trial court admitted a copy of that protective order into evidence.   Ms. Rodriguez also testified that for ten years Rodriguez had repeatedly physically assaulted her, had shot at her house, had vandalized her friends' automobiles, had threatened to burn her home down, and had made harassing and threatening telephone calls to her, even from jail after his arrest.

The State called Deputy Glen Grasham of the Refugio County Sheriff's Department as a witness at the hearing.   Deputy Grasham testified that on October 25,

---

[1] The judgment reflects that the State abandoned Counts 1, 2, 3, and 4.

2

2016, he observed Rodriguez traveling in the same automobile with Ms. Rodriguez, although a protective order prohibited him from being within 200 yards of Ms. Rodriguez.

Danielle Hilscher, Rodriguez's community supervision officer, also testified. She explained that Rodriguez owed child support and other probation financial obligations because he had been incarcerated for not paying child support, had his wallet stolen, had payments to make "on his bed, his TV, and his laptop," and had paid for repairs to Ms. Rodriguez's car. Hilscher reported that Rodriguez told her that his work had been slow. In response to the court's question of whether Rodriguez was "still amenable on probation," Hilscher responded, "My personal recommendation would be that he may remain on probation but possibly sentenced to ISF[, an Intermediate Sanctions Facility Alcohol Treatment Program,] for his violations."

At the conclusion of the hearing, the trial court found the allegations in the State's motion to revoke to be true. The trial court also found Ms. Rodriguez's testimony to be credible. It revoked Rodriguez's community supervision, sentenced him to two years' confinement in a state jail facility, and assessed a $500 fine, restitution of $1,800, and court costs. Rodriguez did not object to the sentence imposed by the trial court and later filed no motion for new trial challenging the constitutionality of his sentence. This appeal followed.

## II. STANDARD OF REVIEW

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII; see TEX. CONST. art. 1, § 13. The Eighth

3

Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. U.S. CONST. amend. XIV. A punishment within the limits prescribed by a valid statute "is not, per se, prohibited as cruel, unusual, or excessive." *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd). And when a sentence is within the prescribed statutory range set down by the legislature, sentencing authorities have nearly unfettered discretion to impose any punishment within that range. *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006).

### III. CRUEL AND UNUSUAL PUNISHMENT

### A. Preservation

The right to be free from cruel and unusual punishment and almost every constitutional or statutory right can be waived by failure to object. *See Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (en banc); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding that the defendant waived his cruel and unusual punishment argument by failing to object); *see also Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that by failing to object the appellant did not preserve an argument that the sentence was grossly disproportionate to offense); *Maza v. State*, No. 13-14-00128-CR, 2015 WL 3637821, at *2 (Tex. App.—Corpus Christi June 11, 2015, no pet.) (mem. op., not designated for publication) (disagreeing that appellant should be allowed to make his eighth amendment violation argument for the first time on appeal because he did not object in the trial court and thus his argument was not preserved). To preserve a

4

complaint of cruel and unusual punishment, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *See* TEX. R. APP. P. 33.1(a); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc)); *Noland*, 264 S.W.3d at 151–52; *see also Trevino*, 174 S.W.3d at 927–28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection.").

Rodriguez did not object when the trial court imposed sentence and did not complain of the sentence in any post-trial motion that the sentence was excessive or violated the Eighth Amendment. Rodriguez failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Smith*, 721 S.W.2d at 855; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479.

## B.      Sentence within the Punishment Range Is Not Per Se Excessive

Even had Rodriguez preserved error, his sentence of two years in a state jail facility for his state jail felony offense of forgery, although at the top of the punishment range authorized by statute for the offense, falls within the legal range set down by the state legislature for that offense. *See* TEX. PENAL CODE ANN. § 32.21(d); TEX. PENAL CODE ANN. § 12.35 (West, Westlaw through 2017 1st C.S.) (setting out punishment for a state jail felony as incarceration in the state jail for not less than six months or more than two years and up to a $10,000 fine). So his sentence was not prohibited as per se excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928; *see also Cowan v. State*, No. 13-14-00358-

5

CR; 2015 WL 4381090, *2 (Tex. App.—Corpus Christi July 16, 2015, no pet.) (mem. op., not designated for publication).

**C.     Proportionality of the Sentence to the Offense**

Nevertheless, Rodriguez complains that the trial court neglected to consider the proportionality of his punishment for the forgery offense to his ability to meet the financial obligations.   He contends that the trial court's assessment of the maximum punishment of two years' incarceration in a state jail facility for his forgery conviction was, thus, cruel and unusual.   We disagree.

**1.     *Solem v. Helm*'s Proportionality Review**

Rodriguez relies on *Solem v. Helm* as his authority.   *See* 463 U.S. 277, 291 (1983).   In *Solem*, the United States Supreme Court established three factors for analyzing a sentence's proportionality:   (1) the gravity of the offense relative to the harshness of the penalty; (2) the sentences imposed for other crimes in the jurisdiction; and (3) the sentences imposed for the same crime in other jurisdictions.   *See* 463 U.S. at 292.   If we conclude under the first *Solem* factor that the sentence is not grossly disproportionate to the offense, we need not consider the remaining factors that compare the sentence received to sentences imposed for similar crimes in Texas and sentences imposed for the same crime in other jurisdictions.   *See Sneed v. State*, 406 S.W.3d 638, 643 (Tex. App.—Eastland 2013, no pet.) (citing *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992)); *see also* TEX. R. APP. P. 47.1.

And as we recognized in *Trevino*, "the viability and mode of application of the [*Solem*] proportionate analysis in non-death penalty cases has been questioned since the

6

Supreme Court's decision in *Harmelin v. Michigan*." *Trevino*, 174 S.W.3d at 928 (citing *McGruder v. Puckett*, 954 F.2d 313, 315–16 (5th Cir. 1992); *Harmelin*, 111 S.Ct. 2680 (1991)); *Sullivan v. State*, 975 S.W.2d 755, 757–58 (Tex. App.—Corpus Christi 1998, no pet.); *see also Nealy v. State*, No. 13-11-00288-CR, 2013 WL 1092417, at *3 (Tex. App.—Corpus Christi Mar. 14, 2013, pet. ref'd) (mem. op., not designated for publication). In *Trevino,* we assumed the viability of a proportionality review to analyze the issue brought on appeal. 174 S.W.3d at 928. Now in this case, because Rodriguez premises his entire appellate argument on *Solem*, we will again assume the viability of *Solem*'s proportionality review. *See Solem,* 463 U.S. at 292; *Trevino,* 174 S.W.3d at 928.

### 2.    Considerations

Relying on *Solem*, Rodriguez argues that the record is devoid of any consideration of his financial situation in the court's decision to impose the maximum sentence of two years in a state jail facility. He complains that the trial court's analysis "neglects the proportionality of [his] punishment in relation to the offense to which he pled guilty originally, forgery, and his ability to meet the financial obligations of probation." We are not persuaded by Rodriguez's argument.

While the evidence revealed that Rodriguez had financial difficulties, we do not look to the grounds for adjudication in a motion-to-revoke proceeding to determine if the sentence is cruel and unusual; "we look to the facts of the crime." *Mathews v.* State, 918 S.W.2d 666, 669 (Tex. App.—Beaumont 1996, pet. ref'd). The record establishes that Rodriguez committed a forgery. Upon his plea of guilty, the trial court placed Rodriguez on community supervision for four years.

7

In addition, the State offered evidence, showing that Rodriguez had engaged in actions against Ms. Rodriguez and others for over ten years. The trial court apparently deemed this evidence relevant to sentencing and useful in deciding Rodriguez's appropriate punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West, Westlaw through 2017 1st C.S.) ("[E]vidence may be offered by the [S]tate and the defendant as to any matter the court deems relevant to sentencing."); *Arthur v. State*, 11 S.W.3d 386, 392 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (quoting *Mendiola v. State*, 924 S.W.2d 157, 163 (Tex. App.—Corpus Christi 1995, pet. ref'd, untimely filed) (providing that one purpose of article 37.07 is for the factfinder to "learn 'as much useful information as possible in deciding the appropriate punishment for the individual defendant'"); *see also Peters v. State*, 31 S.W.3d 704, 716–17 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (noting that article 37.07 encourages "truth in sentencing" by opening the doors to all relevant evidence in the punishment phase); *Garza v. State*, No. 13-11-00076-CR, 2012 WL 1572206, at *3 (Tex. App.—Corpus Christi May 3, 2012, pet. ref'd) (mem. op., not designated for publication). Finally, we note that the trial court revoked Rodriguez's community supervision not only for failing to comply with his financial obligations, which he claims were complicated by his financial circumstances, but also for violating an order that was in place to protect Ms. Rodriguez. *See Ex parte Lea*, 505 S.W.3d 913, 915 (Tex. Crim. App. 2016) ("After a defendant is placed on community supervision, it can be revoked based on a sole violation of a condition of that supervision.").

Assuming the viability of the *Solem* factors, specifically the first factor that addresses the gravity of the offense relative to the harshness of the penalty, the trial court's sentence of two years in a state jail facility is not a grossly disproportionate sentence for Rodriguez's forgery offense.[2]  We cannot conclude that the trial court abused its nearly unfettered discretion in imposing the two-year state jail sentence.  *See Ex parte Chavez*, 213 S.W.3d at 323.

**D.    Summary**

Even had Rodriguez preserved this issue, the sentence falls within the punishment range and is neither prohibited as per se excessive, cruel, or unusual nor disallowed as an abuse of discretion.  *See id.*; *Trevino*, 174 S.W.3d at 928.  We overrule Rodriguez's appellate issue.

**V.    CONCLUSION**

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 11th
day of January, 2018.

---

[2] Having concluded that Rodriguez's sentence was not grossly disproportionate to the forgery offense, we do not consider the remaining *Solem* factors.  *See Sneed v. State*, 406 S.W.3d 638, 643 (Tex. App.—Eastland 2013, no pet.).  Further Rodriguez does not discuss the second and third *Solem* factors, so we do not consider them.  *See* TEX. R. APP. P. 457.1.