

**NUMBER 13-17-00237-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN JEREMY LOVEALL,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

## On appeal from the 36th District Court
## of Aransas County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Hinojosa
### Memorandum Opinion by Justice Contreras

Appellant John Jeremy Loveall appeals from the revocation of his community supervision. The trial court sentenced appellant to two years' imprisonment in a state jail facility. By one issue, appellant argues that the punishment assessed by the trial court is excessive under the facts of the case. We affirm.

## I. BACKGROUND

Appellant was indicted on July 29, 2014 for possession of less than one gram of methamphetamine with intent to deliver, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.103, 481.113, 481.116 (West, Westlaw through 2017 1st C.S.). Pursuant to a plea agreement, appellant pleaded guilty to the lesser included offense of possession of a controlled substance, and the trial court adjudicated him guilty of the offense. *See id.* §§ 481.103, 481.116. On November 25, 2014, the trial court assessed punishment at two years' imprisonment, a $750 fine, and $180 in restitution; however, the trial court suspended appellant's two-year sentence and imposed three years of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.053 (West, Westlaw through 2017 1st C.S.).

On February 6, 2017, the State filed a motion to revoke appellant's community supervision, alleging twenty violations. On April 4, 2017, the trial court held a hearing on the motion to revoke, and appellant pleaded true to all twenty violation allegations. The trial court inquired if the State had any recommendation as to the disposition, and the State recommended two actions: (1) to sanction appellant to a Substance Abuse Felony Punishment Facility and extend his probation for two years; or (2) to revoke appellant's community supervision and sentence him to eighteen months in a state jail facility.

Appellant was then sworn in and provided the following testimony:

Defense counsel:  And what are you asking the Court to do here today?

Appellant:  To—

Defense counsel:  Are you asking that your probation be revoked and that you be sentenced to state jail?

Appellant:  Yes, ma'am.

2

| Defense counsel: | You realize, as the Court explained earlier, you could be sentenced up to two years— |
|---|---|
| Appellant: | Yes ma'am |
| Defense counsel: | —in state jail? |
| Appellant: | Yes ma'am. |
| Defense counsel: | However, we are joining with the prosecutor in asking the Court to consider a term of 18 months; is that right? |
| Appellant: | Or less, yes, ma'am. |

The trial court found that appellant had violated the conditions of his community supervision, revoked his community supervision, and sentenced him to two years' imprisonment in a state jail facility. Appellant neither objected to the sentence imposed by the trial court nor filed a motion for new trial challenging his sentence. This appeal followed.

## II. STANDARD OF REVIEW

We review the trial court's order revoking community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). The test for abuse of discretion is not whether, in the opinion of the appellate court, the facts present a suitable case for the trial court's action, but rather, whether the trial court acted without reference to any guiding rules or principles. *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014). "After a defendant is placed on community supervision, it can be revoked based on a sole violation of a condition of that supervision." *Ex parte Lea*, 505 S.W.3d 913, 915 (Tex. Crim. App. 2016).

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment

3

inflicted." U.S. CONST. amend. VIII; *see* TEX. CONST. art. 1, § 13. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. U.S. CONST. amend. XIV. A punishment within the limits prescribed by a valid statute "is not, per se, prohibited as cruel, unusual, or excessive." *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd). When a sentence is within the prescribed statutory range set down by the legislature, sentencing authorities have nearly unfettered discretion to impose any punishment within that range. *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006).

### III.   DISCUSSION

By his sole issue, appellant argues that the trial court's two-year sentence is excessive.

### A.   Preservation

For an issue to be preserved on appeal, there must be a timely objection that specifically states the legal basis for the objection. TEX. R. APP. P. 33.1(a); *see Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). Additionally, when the sentence imposed is within the punishment range and not illegal, the failure to specifically object in open court or in a post-trial motion waives any error on appeal. *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Trevino*, 174 S.W.3d at 927–28. Here, appellant did not object to the sentence imposed by the trial court on any grounds, nor did he challenge the sentence with a post-trial motion. Thus, appellant has forfeited his complaint on appeal, and we conclude this issue has been waived. *See* TEX. R. APP. P. 33.1(a).

### B.   Sentence is Not Excessive

4

Even if appellant had preserved error, his sentence of two years in a state jail facility for possession of a controlled substance of less than one gram falls within the legal range set down by the state legislature for that offense, albeit at the top of the punishment range authorized by statute for the offense. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.103, 481.116; TEX. PENAL CODE ANN. § 12.35 (West, Westlaw through 2017 1st C.S.) (setting out punishment for a state jail felony as incarceration in the state jail for not less than six months or more than two years and up to a $10,000 fine). Thus, appellant's sentence was not prohibited as per se excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928; *see also Cowan v. State*, No. 13-14-00358-CR, 2015 WL 4381090, *2 (Tex. App.—Corpus Christi July 16, 2015, no pet.) (mem. op., not designated for publication).

Appellant also argues that the trial court's sentence was disproportional under the facts of the case and cites to the United States Supreme Court decision in *Solem v. Helm*. *See* 463 U.S. 288 (1983). We disagree.

We note that an individual's sentence may constitute cruel and unusual punishment, despite falling within the statutory range, if it is grossly disproportionate to the offense. *See id.* at 287. In *Solem*, the United States Supreme Court established three factors for analyzing a sentence's proportionality: (1) the gravity of the offense relative to the harshness of the penalty; (2) the sentences imposed for other crimes in the jurisdiction; and (3) the sentences imposed for the same crime in other jurisdictions. *See id.* at 292. If we conclude under the first *Solem* factor that the sentence is not grossly disproportionate to the offense, we need not consider the remaining factors that compare the sentence received to sentences imposed for similar crimes in Texas and sentences

5

imposed for the same crime in other jurisdictions. *See Sneed v. State*, 406 S.W.3d 638, 643 (Tex. App.—Eastland 2013, no pet.) (citing *McGruder v. Puckett*, 954 F.2d 313, 216 (5th Cir. 1992); *Dale v. State*, 170 S.W.3d 797, 800 (Tex. App.—Fort Worth 2005, no pet)); *see also* TEX. R. APP. P. 47.1.

However, as we recognized in *Trevino*, "the viability and mode of application of [the *Solem*] proportionate analysis in non-death penalty cases has been questioned since the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957 . . . (1991)." *Trevino*, 174 S.W.3d at 928 (citing *McGruder*, 954 F.2d at 315–16); *Sullivan v. State*, 975 S.W.2d 755, 757–58 (Tex. App.—Corpus Christi 1998, no pet.); *see also Nealy v. State*, No. 13-11-00288-CR, 2013 WL 1092417, at *3 (Tex. App.—Corpus Christi Mar. 14, 2013, pet. ref'd) (mem. op., not designated for publication). In *Trevino*, we assumed the viability of a proportionality review to analyze the issue brought on appeal. 174 S.W.3d at 928. Now in this case, because appellant premises his entire appellate argument on *Solem*, we will again assume the viability of *Solem*'s proportionality review. *See Solem*, 463 U.S. at 292; *Trevino*, 174 S.W.3d at 928.

Relying on *Solem*, appellant argues that the trial court's two-year sentence is excessive because he pleaded true to all the violation allegations and took responsibility for his actions in open court. Appellant also argues that the maximum sentence was not warranted because he suffers from a drug addiction and because he completed a treatment program at an intermediate sanction facility and a relapse prevention program while on community supervision.[1] We are not persuaded by appellant's argument.

---

[1] Out of the twenty community-supervision violations to which appellant pleaded "true", there were five violations that were unrelated to drug use. *See Ex parte Lea*, 505 S.W.3d 913, 915 (Tex. Crim. App. 2016) ("After a defendant is placed on community supervision, it can be revoked on a sole violation of a condition of that supervision.").

We do not look to the grounds for adjudication in a motion-to-revoke proceeding to determine if the sentence is cruel and unusual; "we look to the facts of the crime." *Mathews v. State*, 918 S.W.2d 666, 669 (Tex. App.—Beaumont 1996, pet. ref'd). Here, the record establishes that appellant committed the offense of possession of a controlled substance (methamphetamine) in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.103, 481.116. Upon his guilty plea, the trial court placed appellant on community supervision for three years.

Assuming the viability of the *Solem* factors, specifically the first factor that addresses the gravity of the offense relative to the harshness of the penalty, the trial court's sentence of two years in a state jail facility is not a grossly disproportionate sentence for appellant's offense of possession of a controlled substance—a serious drug offense.[2] *See Alvarez v. State*, 525 S.W.3d 890, 893 (Tex. App.—Eastland 2017, pet. ref'd); *Sneed*, 406 S.W.3d at 643; *Francis v. State*, 877 S.W.2d 441, 443–44 (Tex. App.—Austin 1994, pet. ref'd). We cannot conclude that the trial court abused its nearly unfettered discretion in imposing the two-year state jail sentence. *See Ex parte Chavez*, 213 S.W.3d at 323. Therefore, we reject this argument.

Even if appellant had preserved this issue, the sentence falls within the punishment range and is neither prohibited as per se excessive, cruel, or unusual, nor disallowed as an abuse of discretion. *See id.*; *Trevino*, 174 S.W.3d at 928; *Gutierrez*, 108 S.W.3d 609–10. We overrule appellant's sole issue.

---

[2] Having concluded that appellant's sentence was not grossly disproportionate to the possession-of-a-controlled-substance offense, we need not consider the remaining *Solem* factors. *See Sneed v. State*, 406 S.W.3d 638, 643 (Tex. App.—Eastland 2013, no pet.). Further, appellant did not discuss the second and third *Solem* factors in his brief. *See* TEX. R. APP. P. 38.1(i).

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of April, 2018.