

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00694-CR

Richard Allen **WEISBERG**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR11696
Honorable Kevin M. O'Connell, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed: December 5, 2018

AFFIRMED

Richard Allen Weisberg appeals the trial court's judgment revoking his community supervision. In his brief, Weisberg asserts the trial court abused its discretion in revoking his community supervision because: (1) the State did not establish he had the financial means to pay over $200,000 in supervisory fees, court costs, and restitution, and revoking his community supervision on this basis unconstitutionally created a "debtor's prison;" and (2) the evidence established he drove a vehicle without ignition interlock due to necessity. We affirm the trial court's judgment.

## BACKGROUND

On June 22, 2015, Weisberg pled no contest to the offense of intoxication assault and was sentenced to ten years' imprisonment, a fine of $1,500, and ordered to pay $152,834.55 in restitution.[1] His sentence was suspended, however, and he was placed on ten years' community supervision.

Beginning in October of 2015, the State filed a series of motions to revoke Weisberg's community supervision. The State withdrew several of the motions oftentimes after orders were entered amending the conditions of Weisberg's community supervision.

On April 4, 2017, the State filed its fourth motion to revoke. After a hearing, the trial court found Weisberg violated five conditions of his probation, revoked his community supervision, and sentenced him to ten years' imprisonment. Weisberg appeals.

## STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's judgment revoking community supervision under an abuse of discretion standard. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012); *Reasor v. State*, 281 S.W.3d 129, 131 (Tex. App.—San Antonio 2008, pet. ref'd). "In a revocation proceeding, the trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision." *Leonard*, 385 S.W.3d at 576. "The State meets its burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision." *Reasor*, 281 S.W.3d at 132. And, "[w]e indulge all reasonable inferences in a light favorable to the trial court's ruling." *Id*. at 131.

---

[1] The amount of restitution was based on the complainant's medical bills.

**DISCUSSION**

One of the violations the trial court found to be true was Weisberg's operation of a vehicle without an ignition interlock. In his second issue, Weisberg contends the trial court abused its discretion in revoking his community supervision "based on the driving of a vehicle without an interlock due to necessity." Acknowledging that he had the burden to prove the affirmative defense of necessity, Weisberg argues the necessity was to return a cable to an interlock device. Weisberg explains he "had returned the in home device, forgot the cable that went with it, and used his father's car to return the cable. If he did not, he would have been charged a lot of money." Therefore, Weisberg asserts, "Here, the necessity was to prevent owing more money when he was already behind."

In order to establish the affirmative defense of necessity, one of the elements Weisberg was required to prove was that he reasonably believed his conduct was "immediately necessary to avoid imminent harm." TEX. PENAL CODE ANN. § 9.22. "'Reasonable belief' means a belief that would be held by an ordinary and prudent person in the same circumstances as the defendant." *Stefanoff v. State*, 78 S.W.3d 496, 501 (Tex. App.—Austin 2002, pet. ref'd). "'Imminent' has been defined as ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." *Henley v. State*, 493 S.W.3d 77, 89 (Tex. Crim. App. 2016) (internal quotation omitted). "Thus, imminent harm is harm that is ready to take place—harm that is coming in the very near future." *Id*. Stated differently, "[h]arm is imminent when there is an emergency situation and it is 'immediately necessary' to avoid that harm." *Pennington v. State*, 54 S.W.3d 852, 857 (Tex. App.—Fort Worth 2001, pet. ref'd). "In other words, a split-second decision is required without time to consider the law." *Id*. "The justification defense of necessity applies when action is needed 'immediately' (i.e., now) to avoid 'imminent' harm (i.e., harm that is near at hand)." *Henley*, 493 S.W.3d at 89.

Weisberg's probation officer testified Weisberg was required to have ignition interlock on his vehicle as a condition of probation and was not allowed to drive a vehicle that was not equipped with ignition interlock. Agustin Yado, the owner of a company that leases ignition interlock devices, testified Weisberg drove to his place of business on February 9, 2017, to talk about his account. Yado saw Weisberg driving a vehicle that did not have ignition interlock. When Yado asked Weisberg about driving the vehicle, Weisberg apologized, said it was his parent's vehicle, he lived close by, and asked Yado not to inform his monitoring authority. In response, Yado explained he was required to notify the authorities. With regard to the missing cable, Yado testified Weisberg had returned the in-home device, and his company "had billed him for that component that was missing and then later on he was bringing that in for credit."[2] Weisberg's father testified Weisberg drove his car only one time because "he had to take a part or the machine to that place and his car or his truck was out of gas or something to that affect [sic]."

Indulging all reasonable inferences in a light favorable to the trial court's ruling, we hold the greater weight of the credible evidence creates a reasonable belief that Weisberg violated a condition of his community supervision by driving a vehicle without ignition interlock. Yado's testimony established Weisberg had already been billed for the missing component and returning the missing component did not involve an emergency situation. Furthermore, the trial court could have reasonably inferred from Weisberg's response to Yado's question that his decision to drive the vehicle was not a split-second decision that was immediately necessary to avoid imminent harm. Therefore, we overrule Weisberg's second issue, and because proof of a single probation

---

[2] In his brief, Weisberg refers to the cable as "expensive" and states he would be charged "a large sum of money" if he did not return the cable; however, the evidence does not establish the amount Weisberg was billed or whether he was being charged on a daily basis for failing to return the cable. The evidence only established Weisberg would receive a credit against the amount previously billed when the cable was returned.

violation is sufficient to support a revocation, we need not address Weisberg's remaining issues.

*See Ex parte Lea*, 505 S.W.3d 913, 915 (Tex. Crim. App. 2016); *Reasor*, 281 S.W.3d at 134.

## CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice

DO NOT PUBLISH