

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00121-CR

---

ROY CLETDELL ROBINSON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 25F0041-202

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Roy Robinson a/k/a Roy Cletdell Robinson, Jr., pled guilty to possession of less than one gram of cocaine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.). The trial court sentenced Robinson to two years in a state jail facility, running concurrently with the sentence assessed in his companion case, but suspended the sentences in favor of placing Robinson on community supervision for five years.[1] The State later moved to revoke Robinson's community supervision, alleging that Robinson violated several of its terms. After a hearing, the trial court revoked Robinson's community supervision.

Via a single, consolidated brief, Robinson appeals both of his convictions. Robinson challenges the sufficiency of the evidence supporting all grounds for revocation and alleges his due process rights were violated because the trial court "rel[ied] exclusively on hearsay testimony from a probation officer who lacked personal knowledge and without a business records affidavit." Because we conclude that the trial court did not abuse its discretion in revoking Robinson's community supervision and Robinson failed to preserve his due process issue, we affirm the trial court's judgment.

## I.      Background

The State's amended motion to revoke, filed in July 2025, alleged that Robinson violated his community supervision by failing to (1) report to his community supervision officer for the months of March, April, and May 2025; (2) provide a valid address; (3) perform community

---

[1] In his companion appellate cause number 06-25-00122-CR, Robinson appeals his conviction for evading arrest or detention. *See* TEX. PENAL CODE ANN. § 38.04 (Supp.).

2

service as required; and (4) pay certain fines and court costs. Robinson pled not true to all the allegations.

At the revocation hearing, Brandon King, a community-supervision officer with Bowie County Community Supervisions and Corrections Department, testified that he supervised Robinson after Robinson was arrested for his revocation warrant. King testified that Robinson's previous supervision officer went over all of the terms and conditions of Robinson's community supervision that he was expected to abide by. With no objection from Robinson, King testified that Robinson failed to report for March through May of 2025.

King further testified as to facts establishing violations of the other three alleged conditions. While Robinson raised hearsay objections to King's testimony regarding Robinson's failure to provide a valid address, Robinson did not object to King's testimony about Robinson's failure to complete community supervision nor his failure to make any payment on Robinson's court costs and fines associated with his cases.

On cross-examination, when questioned about his personal knowledge of Robinson's violations, King testified that he reviewed the documentation and there was nothing stating that Robinson reported for the months of March, April, or May 2025. King said any hours of community supervision or fines, fees, and court costs that Robinson completed or paid "would have been entered in the computer," which he reviewed.

Robinson testified that his initial supervision officer told him that because the supervision department transferred his supervision to Arkansas, where he lived, he did not have to report in person. He testified that he only had to call in every week. Robinson said that he called

3

Ashdown, Arkansas, and asked whether anyone knew anything about his supervision getting transferred to Arkansas but stated they said they did not have anything on him. Robinson said he called adult supervision every week but stated no one ever got back with him, even though he left his telephone number or telephone numbers for his work every time he called. Robinson said that he had always had the same telephone number. Robinson testified that for "[t]he first two months, at the last part of that month, [he] finally got a hold of [his supervision officer]." Robinson denied that he failed on any conditions of his community supervision.

On cross-examination, Robinson said that he called adult supervision every Monday. He further stated that he never went up there.

After the contested hearing, the trial court found all the allegations true, revoked Robinson's community supervision, and sentenced him to twenty-four months' confinement in state jail.

## II.     The Trial Court Did Not Abuse its Discretion in Revoking Probation

In his first issue, Robinson argues that the State failed to prove by a preponderance of the evidence that he violated any condition of his community supervision.

### A.     Standard of Review and Applicable Law

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). "A trial judge abuses his discretion when his decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Balderas v. State*, 517 S.W.3d 756, 798–99 (Tex. Crim. App. 2016) (quoting *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005)). We review

4

the evidence in a revocation proceeding "in the light most favorable to the trial court's ruling." *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd); *see Hammack v. State*, 466 S.W.3d 302, 305 (Tex. App.—Texarkana 2015, no pet.) (citing *Leonard v. State*, 385 S.W.3d 570, 577 (Tex. Crim. App. 2012) ("A trial court's decision to revoke community supervision and to proceed to adjudication is examined in the light most favorable to the trial court's judgment.").

"[T]o revoke probation . . . , the State need prove the violation of a condition of probation only by a preponderance of the evidence." *Hacker*, 389 S.W.3d at 864–65. "In the probation-revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Id.* at 865 (quoting *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006)). In a community supervision revocation proceeding, the trial court is the trier of fact and "the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Id.*

A defendant's community supervision "can be revoked based on a sole violation of a condition of that supervision." *Ex parte Lea*, 505 S.W.3d 913, 915 (Tex. Crim. App. 2016).

### B.     Failure to Report

On appeal, Robinson challenges the sufficiency of the evidence supporting each of the trial court's findings of violation. With respect to his alleged failure to report, Robinson complains that no competent evidence demonstrated that he missed a reporting date because

King had no direct knowledge and the State did not admit any documentation of the failures to report.

However, Robinson's own testimony, along with King's, supports revocation on this issue. King testified that there was no documentation indicating that Robinson reported in March, April, or May of 2025. And though Robinson testified that his original supervision officer told him he needed to only call in weekly, as opposed to personally checking in, Robinson's testimony indicates that for the first two months, he did not get in touch with his original supervision officer until the last part of the second month.

We conclude that the trial court could have found from the greater weight of the credible evidence that Robinson violated the terms of his community supervision by failing to report as required. Thus, we likewise conclude that the trial court did not abuse its discretion in revoking Robinson's community supervision.

Because "proof of a single ground will support revocation," it is unnecessary to address the remaining grounds. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

We overrule Robinson's first issue.

## III.    Robinson Did Not Preserve His Due Process Issue

In his second issue, Robinson claims that "the trial court violated [his] due process rights by relying exclusively on hearsay testimony from a [supervision] officer who lacked personal knowledge and without a business records affidavit." Robinson argues that because no business records affidavit was filed and no underlying documents were admitted, any documents King relied on were unauthenticated and inadmissible.

6

The Texas Court of Criminal Appeals has said that "[t]he central issue to be determined in reviewing a trial court's exercise of discretion in a community supervision revocation case is whether the defendant was afforded due process of law." *Tapia v. State*, 462 S.W.3d 29, 41 (Tex. Crim. App. 2015). However, to preserve a complaint for appellate review, Robinson was required to make "a timely request, objection, or motion" in the trial court that "stated the grounds for the ruling . . . sought . . . with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" TEX. R. APP. P. 33.1(a)(1)(A). "[F]ailure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence." *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002). "This is true even though the error may concern a constitutional right of the defendant." *Id.*

Robinson did not raise any due process objections during the revocation hearing or in a motion for new trial. Thus, he did not preserve any due process complaint for appellate review. *See Compton v. State*, 666 S.W.3d 685, 731 (Tex. Crim. App. 2023) (concluding that a "catchall due process claim" was not preserved for appellate review because no contemporaneous objections were raised in the trial court).

We overrule Robinson's second issue.

## IV.    Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     March 25, 2026
Date Decided:       April 24, 2026

Do Not Publish