**Lafiro Maximino BENAVIDES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–177–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 19, 1987.

Rehearing Denied Feb. 11, 1988.

Carlos F. Vela, Harlingen, Tony Martinez, Bernard S. Kahn, Brownsville, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a plea of nolo contendere to indecency with a child. Appellant waived jury trial and stipulated to the evidence. The trial judge found appellant guilty and sentenced him to fifteen years imprisonment. By a single point of error, appellant complains that the trial court improperly considered a letter from the complainant's parents in assessing punishment.

The evidence as stipulated showed that the offense occurred one afternoon in September, 1986. While complainant and appellant, her uncle, were alone in complainant's home, appellant touched her in her genital area and lowered her underwear. At the time, the complainant was six years old.

After the pronouncement of guilty by the trial court and before the sentencing hearing, the complainant's parents sent a letter addressed to the trial judge. Appellant's brother authored the letter. In it, he relates the family's feeling about the incident and how it has affected them. Appellant is described as diseased and in need of professional help.

The letter, which is included in the appellate transcript, does not have a file mark from the district clerk's office, although it was marked "received" with a date and initialed. There is no indication in the record that counsel for either the State or the appellant were aware of its existence or contents prior to the sentencing hearing. The letter was not included in the presentence investigation report ordered by the trial judge or admitted into evidence at the sentencing hearing.

Following the assessment of punishment, appellant's brother wrote another letter to the trial judge. This second letter is file marked by the district clerk's office. Again, there is no evidence showing that this letter was read, offered, or considered by the trial court. Even if this second letter was seen by the trial court, it came after sentencing, and so it could not have influenced the trial court in assessing punishment.

■ Appellant argues that the first *ex parte* letter violated his right to a public trial and his right of confrontation under Article 1, § 10 of the Texas Constitution and Tex.Code Crim.Proc.Ann. arts. 1.05, 1.24, and 1.25 (Vernon 1981). Appellant also argues that the letter influenced the judge in assessing punishment resulting in a harsher sentence.

There is no evidence in the record, however, that the trial judge ever actually received or read either letter. During the sentencing hearing, the trial judge made the following comment:

> The victims in this case and all the folks in this case are telling me, well, it doesn't bother them whether I grant you probation, they are willing to live with that. The only thing is, that the recommendation is that I order that you obtain counseling.

■ The judge had a presentence investigation report before him at the sentencing hearing. Whether the above comment refers to the complained of letter or the presentence investigation report is not known. The trial judge, as the trier of facts in assessing punishment, is presumed to have disregarded any improper evidence. *Kimithi v. State*, 546 S.W.2d 323, 327 (Tex. Crim.App.1977). We presume that the trial court, if it was aware of the letter, disregarded it.

■ A trial court is allowed a great deal of discretion in assessing punishment. The range of punishment for the offense in the instant case is two to twenty years confinement.[1] So long as a sentence assessed is within the statutory range for the offense charged, it will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App.1984); *Tamminen v. State*, 653 S.W.2d 799, 803 (Tex.Crim.App. 1983). A sentence of fifteen years is well within the statutory range.

Appellant has failed to show that the trial court received, considered or was in-

1. Tex.Penal Code Ann. § 21.11 (Vernon 1974).

fluenced by the complained of letter or that the trial court abused its discretion in assessing a fifteen-year sentence for the offense charged.

Appellant's point of error is overruled. The judgment of the trial court is AFFIRMED.