

# NUMBERS 13-17-00539-CR AND 13-17-00540-CR
# AND 13-17-00541-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**TYLER ROBERT GOODE,**                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                            **Appellee.**

---

### On appeal from the 319th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Contreras**

Appellant Tyler Robert Goode appeals from a hearing disposing of three separate

underlying causes.  At the hearing, the trial court: (1) revoked appellant's community

supervision for aggravated assault with a deadly weapon,[1] adjudicated him guilty of the offense, and sentenced him to fifteen years' imprisonment; (2) revoked appellant's community supervision for four counts of forgery[2] and sentenced him to two years' imprisonment; and (3) found appellant guilty of theft[3] and sentenced him to two years' imprisonment. By one issue, appellant argues that the punishment assessed by the trial court under each cause was disproportionate and in violation of the Eighth and Fourteenth Amendments of the United States Constitution.[4] *See* U.S. CONST. amends. VIII, XIV. We affirm.

## I. BACKGROUND

In 2013, appellant was charged by indictment with aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 22.01, 22.02(a)(2) (West, Westlaw through 2017 1st C.S.). He waived his right to a jury trial, pleaded guilty, and was placed on deferred adjudication community supervision.

In 2014, appellant was indicted for four counts of forgery, a state-jail felony. *See* TEX. PENAL CODE ANN. § 32.21(d) (West, Westlaw through 2017 1st C.S.). The State moved to revoke appellant's community supervision, *see* TEX. CODE CRIM. PROC. ANN. arts. 42A.751, 42A.755 (West, Westlaw through 2017 1st C.S.), but the trial court opted to extend the term of appellant's supervision and ordered him to partake in drug rehabilitation treatment. Appellant pleaded guilty to the forgery charges, was convicted of these offenses, and was placed on community supervision for those as well.

---

[1] Appellate cause number 13-17-00539-CR.

[2] Appellate cause number 13-17-00540-CR.

[3] Appellate cause number 13-17-00541-CR.

[4] The State has not filed briefs to assist us with these appeals.

2

In 2017, appellant was indicted for theft of $26,000, a state-jail felony, *see id.* § 31.03(e)(4)(A) (West, Westlaw through 2017 1st C.S.), and the State moved to revoke his community supervision for both the aggravated assault charge and for the four forgery charges. *See* TEX. CODE CRIM. PROC. ANN. arts. 42A.751, 42A.755.

On June 29, 2017, appellant pleaded guilty to felony theft and pleaded true to the allegations in the motions to revoke. As to the aggravated assault charge, the trial court found the allegations in the motion to revoke to be true, revoked appellant's community supervision, adjudicated him guilty, and sentenced him to fifteen years' incarceration. As to the forgery charges, the trial court found the allegations in the motion to revoke true, revoked appellant's community supervision, and sentenced him to two years' confinement in state jail. These sentences were set to run concurrently. As to the theft charge, the trial court found appellant guilty of the offense pursuant to his guilty plea and sentenced him to two years in state jail. The court set this sentence to run consecutively to the ones imposed for the two other causes.

Appellant filed a motion for a new trial and argued that the complaining witness from the felony theft charge, who had not testified at the hearing, was available to testify before the court of his desire to have appellant placed on community supervision. The trial court later denied appellant's motion by written order. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's sentencing under an abuse of discretion standard. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (en banc). A trial judge is given wide latitude to determine the appropriate sentence in a given case. *Tapia v. State*, 462 S.W.3d 29, 46 (Tex. Crim. App. 2015). A higher court will not step into the shoes of

3

the trial court and substitute its judgment in place of the trial court unless the trial court has clearly abused its discretion. *Id.* As a general rule, the trial court's reasonable judgment is unassailable on appeal if the punishment falls within the legislatively prescribed range. *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *Benavides v. State*, 741 S.W.2d 576, 577 (Tex. App.—Corpus Christi 1987, pet ref'd) (explaining that as long as sentence is assessed within the legislatively determined range, it will not be disturbed on appeal). A trial court abuses its discretion if it acts arbitrarily or without reference to guiding rules or principles. *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014).

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII; *see* TEX. CONST. art. 1, § 13. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *See* U.S. CONST. amend. XIV. However, outside the context of capital punishment, successful challenges to proportionality of particular sentences have been exceedingly rare. *Ewing v. California*, 538 U.S. 11, 21 (2003) (plurality op.); *see State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *see, e.g.*, *Solem v. Helm*, 463 U.S. 277, 303 (1983) (concluding that life imprisonment without parole was a grossly disproportionate sentence for the crime of "uttering a no-account check" for $100); *Weems v. United States*, 217 U.S. 349, 383 (1910) (concluding that punishment of fifteen years in a prison camp was grossly disproportionate to the crime of falsifying a public record).

## III.    DISCUSSION

By his sole issue, appellant argues that the punishments assessed by the trial court were disproportionate to the seriousness of his offenses.

### A.    Preservation

For an issue to be preserved on appeal, there must be a timely objection that specifically states the legal basis for the objection.  TEX. R. APP. P. 33.1(a); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  Additionally, when the sentence imposed is within the punishment range and not illegal, the failure to specifically object in open court or in a post-trial motion waives any error on appeal.  *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 927–29 (Tex. App.—Corpus Christi 2005, pet. ref'd) (concluding that failure to object to the sentence as cruel and unusual forfeits error).  Here, appellant did not object to the sentence imposed by the trial court at the hearing and did not assert any constitutional complaints concerning his sentence in his motion for new trial.  Thus, appellant has forfeited his complaint on appeal, and we conclude this issue has been waived.  *See* TEX. R. APP. P. 33.1(a).

### B.    Sentences are Not Excessive

Even if appellant had preserved error, all his sentences fall within the legal range set down by the state legislature for those offenses.

Aggravated assault with a deadly weapon is a second-degree felony punishable by imprisonment between two and twenty years.  *See id.* §§ 12.33(a) 22.01, 22.02(a)(2) (West, Westlaw through 2017 1st C.S.).  Forgery of a check and theft of $26,000 are state-jail felonies punishable by confinement in state jail for a period between 180 days

5

and two years.  *See* TEX. PENAL CODE ANN. §§ 12.35(a), 31.03(e)(4)(A), 32.21(d) (West, Westlaw through 2017 1st C.S.).  Here, appellant received a sentence of fifteen years for the aggravated assault charge, two years for the forgery offenses, and two years for the theft charge.  Thus, appellant's sentences were not prohibited as per se excessive, cruel, or unusual.  *See Trevino*, 174 S.W.3d at 928.

Nevertheless, appellant argues that the trial court's sentences were disproportional under the facts of each case and cites to the United States Supreme Court decision in *Solem v. Helm*.  *See* 463 U.S. at 288.  We disagree.

An individual's sentence may constitute cruel and unusual punishment, despite falling within the statutory range, if it is grossly disproportionate to the offense.  *See id.* at 287.  In *Solem*, the United States Supreme Court established three factors for analyzing a sentence's proportionality:  (1) the gravity of the offense relative to the harshness of the penalty; (2) the sentences imposed for other crimes in the jurisdiction; and (3) the sentences imposed for the same crime in other jurisdictions.  *See id.* at 292.  If we conclude under the first *Solem* factor that the sentence is not grossly disproportionate to the offense, we need not consider the remaining factors that compare the sentence received to sentences imposed for similar crimes in Texas and sentences imposed for the same crime in other jurisdictions.  *See Sneed v. State*, 406 S.W.3d 638, 643 (Tex. App.—Eastland 2013, no pet.) (citing *McGruder v. Puckett*, 954 F.2d 313, 216 (5th Cir. 1992)); *Dale v. State*, 170 S.W.3d 797, 800 (Tex. App.—Fort Worth 2005, no pet.)); *see also* TEX. R. APP. P. 47.1.  To determine whether a sentence for a term of years is grossly disproportionate for a defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and

the offender's prior adjudicated and unadjudicated offenses. *Simpson*, 488 S.W.3d at 323.

However, as we recognized in *Trevino*, "the viability and mode of application of [the *Solem*] proportionate analysis in non-death penalty cases has been questioned since the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957 . . . (1991)." *Trevino*, 174 S.W.3d at 928 (citing *McGruder*, 954 F.2d at 315–16); *see Sullivan v. State*, 975 S.W.2d 755, 757–58 (Tex. App.—Corpus Christi 1998, no pet.). In *Trevino*, we assumed the viability of a proportionality review to analyze the issue brought on appeal. *Trevino*, 174 S.W.3d at 928. Now in this case, because appellant premises his entire appellate argument on *Solem*, we will again assume the viability of *Solem*'s proportionality review. *See Solem*, 463 U.S. at 292; *Trevino*, 174 S.W.3d at 928.

Relying on *Solem,* appellant argues that the sentences imposed by the trial court are excessive because he is a heroin addict who should receive drug rehabilitation and not confinement in the Texas Department of Criminal Justice. We are not persuaded by appellant's argument.

To determine if the sentence is cruel and unusual, we look to the facts of the crime and not to the grounds for revocation in a motion-to-revoke proceeding. *Mathews v. State*, 918 S.W.2d 666, 669 (Tex. App.—Beaumont 1996, pet. ref'd). Here, the record establishes that appellant committed the offenses of aggravated assault with a deadly weapon, four counts of forgery of a check, and theft of $26,000. *See* TEX. PENAL CODE ANN. §§ 22.01, 22.02(a)(2), 31.03(e)(4)(A), 32.21(d).

Assuming the continued viability of the *Solem* factors, specifically the first factor that addresses the gravity of the offense relative to the harshness of the penalty, we

7

conclude the trial court's sentence of fifteen years is not grossly disproportionate to appellant's offense of aggravated assault with a deadly weapon—a serious and violent offense capable of resulting in death—during which he stabbed another individual with a knife. *See Solem*, 463 U.S. at 290; *Simpson*, 488 S.W.3d at 323; *see also Andrew v. State*, No. 07-01-0465-CR, 2002 WL 31757649, at *8 (Tex. App.—Amarillo Dec. 9, 2002, pet. ref'd) (mem. op., not designated for publication) (concluding that twenty years was not a grossly disproportionate sentence for aggravated assault with a deadly weapon). Likewise, appellant's sentence of two years is not grossly disproportionate to the four forgery charges—a serious crime of dishonesty and deceit by which appellant fraudulently harmed another individual. *See Solem*, 463 U.S. at 290; *Simpson*, 488 S.W.3d at 323; *see also Rodriguez v. State*, No. 13-17-00189-CR, 2018 WL 360249, at *3–4 (Tex. App.—Corpus Christi Jan. 11, 2018, no pet.) (mem. op., not designated for publication) (concluding that two-year sentence for forgery offense was not grossly disproportionate); *Mooney v. State*, No. 11-12-00118-CR, 2014 WL 3639121, at *2 (Tex. App.—Eastland July 17, 2014, no pet.) (mem. op., not designated for publication) (same). Appellant's sentence of two years for the theft of $26,000 from his employer—another serious crime which left his employer without operating capital—is also not grossly disproportionate. *See Solem*, 463 U.S. at 290; *Simpson*, 488 S.W.3d at 323; *Renfroe v. State*, 529 S.W.3d 229, 234 (Tex. App.—Eastland 2017, pet. ref'd) (concluding that two-year sentence for theft offense was not grossly disproportionate); *see also Bradley v. State*, No. 08-15-00035-CR, 2018 WL 1325154, at *5 (Tex. App.—El Paso Mar. 15, 2018, no pet.) (mem. op., not designated for publication) (concluding that an enhanced sentence for theft offense was not grossly disproportionate).

Finally, appellant does not discuss the second and third *Solem* factors in his brief, *see* TEX. R. APP. P. 38.1(i), and we need not consider them after having concluded that the sentences were not grossly disproportionate to the charges. *See Simpson*, 488 S.W.3d at 323; *Sneed*, 406 S.W.3d at 643. Further, appellant has failed to articulate how the sentences, which were within the legislatively-prescribed punishment range, were grossly disproportionate to his crimes; he simply argues that, because he suffers from an addiction, the legislatively-prescribed range of sentences should not apply to him. Appellant cites no authority, and we find none, supporting this contention. Accordingly, we cannot conclude that the trial court abused its nearly unfettered discretion in imposing the sentences it did. *See Ex parte Chavez*, 213 S.W.3d at 323.

We overrule appellant's sole issue.

## IV.    CONCLUSION

We affirm the trial court's judgments.


DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of August, 2018.