

# NUMBER 13-18-00561-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**MIGUEL BENAVIDEZ,**                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                    **Appellee.**

### On appeal from the 148th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Miguel Benavidez appeals from a judgment revoking his community supervision. Appellant argues that the punishment assessed by the trial court was

disproportionate and in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.[1] We affirm.

## I. BACKGROUND

In May of 2011, appellant was charged by indictment with six counts of aggravated sexual assault of a child, a first-degree felony, and three counts of indecency with a child, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 22.021(e), 21.11(a). In April of 2012, a jury found appellant guilty of three counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(e). The jury assessed punishment at ten years' confinement on each count to run concurrently, with a recommendation that the punishment be suspended and that appellant be placed on community supervision. The trial court suspended appellant's sentence and placed him on community supervision for a period of ten years.

In May 2018, the State moved to revoke appellant's community supervision for eleven violations of the conditions of his community supervision which included: several monetary non-payments, failure to observe curfew, failure to avoid the use of alcoholic beverages, and entering a premise where minor children were present. On August 9, 2018, appellant pleaded true to all of the allegations in the State's motion to revoke. The trial court revoked appellant's community supervision and sentenced him to imprisonment

---

[1] Appellant's brief argues that the "sentence of 25 years on Count 1 and a 15 year sentence on Count 2 exposed the Appellant to an unreasonable, unusual, and unconstitutional punishment . . . ." However, the record is clear that the sentence for appellant was ten years for three counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(e). Additionally, within his appellate brief, appellant's counsel inadvertently refers to appellant as "Fernando Herrera" and uses incorrect cause numbers in reference to appellant's conviction. This Court construes appellant's sole issue as contending that the punishment he received was disproportionate and in violation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution, and we discuss it as such herein.

in the Texas Department of Criminal Justice—Institutional Division for ten years. This appeal followed.

## II. DISCUSSION

By his sole issue, appellant argues that the punishment assessed by the trial court was disproportionate to the seriousness of his offenses under the Eighth and Fourteenth Amendments.

### A. Standard of Review and Applicable Law

We review a trial court's sentencing under an abuse of discretion standard. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). A trial judge is given wide latitude to determine the appropriate sentence in a given case. *Tapia v. State*, 462 S.W.3d 29, 46 (Tex. Crim. App. 2015). A higher court will not step into the shoes of the trial court and substitute its judgment for the trial court unless the trial court has clearly abused its discretion. *Id.* As a general rule, the trial court's reasonable judgment is unassailable on appeal if the punishment falls within the legislatively prescribed range. *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *Benavides v. State*, 741 S.W.2d 576, 577 (Tex. App.—Corpus Christi–Edinburg 1987, pet. ref'd) (explaining that as long as the sentence is assessed within the legislatively determined range, it will not be disturbed on appeal). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lam v. State*, 25 S.W.3d 233, 237 (Tex. App.—San Antonio 2000, no pet.).

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII; *see* TEX. CONST. art. 1, § 13. The Eighth Amendment

3

applies to punishments imposed by the state courts through the Due Process Clause of the Fourteenth Amendment. *See* U.S. CONST. amend. XIV. However, outside of the context of capital punishment, successful challenges to proportionality of particular sentences are exceedingly rare*. See Ewing v. California*, 538 U.S. 11, 21 (2003) (plurality op.); *see State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *see, e.g.*, *Solem v. Helm*, 463 U.S. 277, 303 (1983) (concluding that life imprisonment without parole was a grossly disproportionate sentence for the crime of uttering a no-account check for $100); *Weems v. United States*, 217 U.S. 349, 383 (1910) (concluding that punishment of fifteen years in a prison camp was grossly disproportionate to the crime of falsifying a public record).

## B.     Analysis

An individual's sentence may constitute cruel and unusual punishment, despite falling within the statutory range, if it is grossly disproportionate to the offense. *See id*. at 287. In *Solem*, the United States Supreme Court established three factors for evaluating a sentence's proportionality: (1) the gravity of the offense relative to the harshness of the penalty; (2) the sentences imposed for other crimes in the jurisdiction; and (3) the sentences imposed for the same crime in other jurisdictions. *See id.* at 292.

For an issue to be preserved on appeal, there must be a timely objection that specifically states the legal basis for the objection. TEX. R. APP. P. 33.1(a); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). Additionally, when the sentence imposed is within the punishment range and not illegal, the failure to specifically object in open court or in a post-trial motion waives any error on appeal. *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Trevino v. State*, 174

S.W.3d 925, 927–29 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (concluding that failure to object to the sentence as cruel and unusual forfeits error). Here, appellant did not object to the sentence imposed by the trial court at the hearing and did not assert any constitutional complaints concerning his sentence in any post-trial motion. Thus, appellant has forfeited his complaint on appeal, and we conclude this issue has been waived. *See* TEX. R. APP. P. 33.1(a).

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of June, 2019.